**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Cr. No. 10-32(2) (JNE/SRN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF LAW** |
| ) | **IN SUPPORT OF MOTION** |
| ) | **TO DISMISS OR TO COMPEL** |
| ) | **THE GOVERNMENT TO ELECT** |
| vs. ) | **AS TO COUNT ONE OF THE** |
| ) | **SUPERSEDING INDICTMENT AND** |
| ) | **ACCOMPANYING MOTION TO** |
| ) | **STRIKE SURPLUSAGE**. |
| STEVEN J. LEACH, ) | |
| ) | |
| Defendant. ) | |

Defendant, Steven Joseph Leach, by and through his undersigned counsel, Robert D. Sicoli, Law Offices of Robert D. Sicoli, and Sarah M. MacGillis, MacGillis Law P.A., provides the following Memorandum of Law in Support of Defendant's Motion to Dismiss Count One or to Compel the Government to Elect which of the three distinct conspiracies charged in Count One the government intends to prove beyond a reasonable doubt. If this Court orders the government to elect, the Defendant moves this Court for an order striking paragraphs 16-19 as surplusage because as a matter of law, they are irrelevant to the allegations as set forth in Count One, have nothing to do with Defendant Leach, and as such, are inflammatory and prejudicial to his defense of this case.

For the reasons that follow, Count One of the Superseding Indictment should be dismissed because it is impermissibly duplicitous or the Court should require the

PDF created with pdfFactory trial version www.pdffactory.com

government to elect which of the three conspiracies charged in Count One it wishes to prosecute during the trial of this matter.

## I. BACKGROUND

Steven Leach is charged in Count One of the Superseding Indictment with one count of conspiracy to commit wire fraud. Count One is the subject matter of this Motion. The government knows that Mr. Leach left the Hecker organization in December 2007, a fact which it patently acknowledges on more than one occasion within the Indictment it returned against him. (*See* ¶¶ 3, 34). That reality notwithstanding, Count One enigmatically alleges, in relevant part, that Leach and Hecker's conspiracy endured through at least June 2009, approximately 19 months after Leach unequivocally resigned his position within the Hecker organization, an act he took, according to the government in its charging instrument, because Mr. Leach wanted to "distance himself from the fraud" in which he had *already participated*. (*See* ¶¶ 3, 10, 16-19, 34). This represents the factual background against which Count One must exist. But the problem with Count One just begins with the factual reality about which there is no dispute. It ends with the fact that Count One is duplicitous.

Count One charges multiple conspiracies and alleges that Hecker and Leach conspired to defraud "*lenders and others,*" (the universe of which is seemingly facially unlimited at first glance), in the following ways: defraud lenders with respect to the details of automobile purchases by Hecker, (¶¶ 13-15); defraud lenders by failing to pay over proceeds once the vehicles were sold (¶ 16); defraud retail customers by failing to pay over sales tax, title, and license fees (¶ 17); and defraud the bankruptcy estate by

2

PDF created with pdfFactory trial version www.pdffactory.com

concealing assets. (¶ 19).  The Government has not taken the position, nor is it supported by the facts of this case, that there has been, presently is, or ever will be, any reason to believe that Mr. Leach had an interest in or participated in any of the conduct alleged in Paragraphs 16-19 of the Superseding Indictment.   Upon information and belief, all of the conduct described in ¶¶ 16-19 occurred long after Mr. Leach had resigned his position within the Hecker Organization and severed ties with Hecker because again, according to the government, Mr. Leach wished to "distance himself from the fraud in which he had participated."  (*Id.* ¶ 34).  It is thus the case that the conspiracy alleged in Count One, if it is to stand at all, must rest solely upon the back of those allegations contained in paragraphs 13-15 and not otherwise; the multitude of conspiracies alleged in that count notwithstanding.

The three logically, temporally, and factually distinct conspiracies charged in Count One renders that portion of the Indictment duplicitous and Mr. Leach seeks appropriate legal redress from this Court.

## II. ARGUMENT

*A. Count One of the Indictment is duplicitous and should either be dismissed or the government should be forced to elect which of the three distinct conspiracies recited therein it wishes to proceed.*

Count One of the Indictment is duplicitous because it charges multiple conspiracies under a single count of the Indictment.  Count One charges a conspiracy to defraud the Hecker organization's lenders, a conspiracy to defraud the Hecker organization's retail sales customers, and yet a third relates to cheating the bankruptcy

3

PDF created with pdfFactory trial version www.pdffactory.com

estate holding the assets for proper distribution to Mr. Hecker's creditors. Since Count One, as charged, would allow the jury to un-unanimously convict based on three different conspiracies, two of which involve conduct that even the Government would confess Mr. Leach's complete lack of involvement, this Court should either dismiss the Count or order the Government to elect the specific conspiracy under which the Government plans to proceed from the multiple conspiracies alleged.

It is a well-established principal of federal law that each count of an indictment must charge only one offense. Fed.R.Crim.P. 8(a). When a count of the indictment charges more than one offense, it is said to be duplicitous, *United States v. Rabinowitz,* 56 F.3d 932, 933 (8th Cir. 1995) and by its duplicity, there is a defect that must be addressed by this court pursuant to Federal Rule of Criminal Procedure 12 (b)(3) in the pretrial motion setting. *See United States v. Prescott*, 42 F.3d 1165, 1167 (8th Cir 1994). The principal concern of duplicity has been identified as follows:

> The vice of duplicity is that a "jury may find a defendant guilty on the count without having reached a unanimous verdict on the commission of any particular offense." By collapsing separate offenses into a single count, duplicitous indictments "prevent the jury from convicting on one offense and acquitting on another." Therefore, duplicitous indictments implicate the protections of the Sixth Amendment guarantee of jury unanimity. *United States v. Campbell,* 279 F.3d 398 (6th Cir. 2002)(internal quotations omitted).

Furthermore, in the presence of duplicity, the defendant's Sixth Amendment right to know the charges against him is compromised as well as the defendant's Fifth Amendment protection against double jeopardy. *See United States v. Levine*, 750 F.Supp. 1433, 1438-39 (D. Colo. 1999); *United States v. Grace*, 429 F.Supp.2d 1207,

4

PDF created with pdfFactory trial version www.pdffactory.com

1216-1217 (D. Mont. 2006). The preclusion of duplicity in charging instruments, thus, advances fundamental and laudable goals, that is, the protection of the defendant's constitutional rights as well as the integrity of the jury's verdict.

When a count of an indictment is duplicitous, the remedies are to allow the government to elect, provided that the defendant is not prejudiced, or dismiss the offending count. *See United States v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir. 1985). In order to determine whether an indictment is duplicitous, the court must review the offending count and make a determination as to whether it can be read to charge one violation of the law. *See Levine*, 750 F.Supp. at 1437; *Aguilar*, 756 F.2d at 1422.

In the present case, Count One of the indictment is unquestionably duplicitous. First, it charges three distinct conspiracies, one against the lenders to defraud them in conjunction with obtaining financing, a second against retail sales customers related to failing to pay over sales tax, title, and license fees, and a third, related to defrauding the bankruptcy estate. These three separate and distinct alleged frauds involve different victims, are alleged to have occurred years apart and for different reasons, and of significance to this motion, as to two of the three purported frauds, (those related to retail sales and Mr. Hecker's bankruptcy), even the Government must acknowledge Mr. Leach's complete lack of involvement. Indeed, these actions occurred, if at all, long after Mr. Leach had left the Hecker organization in December of 2007 even under the government's own theory. (*See* ¶ 34 of Superseding Indictment). These factual distinctions remove this case from those in which courts have approved of a single count in an indictment that appropriately charged alternative means of committing the same

PDF created with pdfFactory trial version www.pdffactory.com

conspiracy, *e.g. United States v. Lueth*, 807 F.3d 719 (8th Cir. 1986)(Indictment that charged conspiracy to distribute controlled substances could properly alleged sale of marijuana and cocaine); or that properly charged various co-conspirators with a single criminal objective. *E.g., United States v. Behler*, 14 F.3d 1264 (8th Cir. 1994). Indeed, each of the three conspiracies could be separately charged under different federal statutes governing, perhaps, wire fraud, mail fraud, and bankruptcy fraud respectively. The government instead elected to collapse separate offenses into a single count and in doing so, created the incommodious duplicity that now exists in Count One of the Superseding Indictment. *See Campbell,* 279 F.3d at 398.

Furthermore, the principal concern of duplicity is implicated by virtue of the way in which Count One is charged. Count One, as written, would permit the jury to convict if seven jurors believed that Mr. Leach conspired to defraud the lenders, while five believed he conspired to defraud retail customers, however factually unsustainable that allegation might be. Such a concern is the "principal vice" of a duplicitous indictment and should be cured in this case by pretrial order of the Court. *See United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994); *see also United States v. Spencer*, 592 F.3d 866, 874 (8th Cir. 2010)(Duplicity in the indictment must be addressed pre-trial).

The remedy sought by Mr. Leach in the present case is to dismiss the Count for its defect in charging or to require the Government to elect which conspiracy it intends to prove at trial. Clearly, it is best and most efficient for the Court to make this decision in a pretrial setting rather than in trial, after prejudice has inured to the detriment of the

PDF created with pdfFactory trial version www.pdffactory.com

Defendant and his arguments regarding the appropriate remedy are enhanced by the passage of time.

Count One of the Indictment is impermissibly duplicitous and should be dismissed or the Government should be required to elect which conspiracy it intends to prove beyond a reasonable doubt.

### B.  If the court orders the government to elect which conspiracy it intends to prosecute in this case, it should strike the surplusage contained in Count One of the Superseding Indictment.

If this Court orders the Government to Elect which of the three distinct conspiracies contained in Count One that the government intends to prove at the trial of this matter, the Defendant moves this Court for an order striking paragraphs 16-19 as surplusage because as a matter of law, they are irrelevant to the allegations as set forth in Count 1, have nothing to do with Defendant Leach, and as such, are inflammatory and prejudicial to his defense of this case.

This Court can order that surplusage in an Indictment be stricken if the disputed allegations "are clearly not relevant to the charge and are inflammatory and prejudicial." *See, e.g., United States v. Gressett*, 773 F.Supp. 270, 274 (D. Ka. 1991), *citing United States v. Collins,* 920 F.2d 619, 631 (10th Cir. 1990).

It is the case that if the Government is to charge the conspiracy alleged in Count One of the Superseding Indictment, it cannot do so on the basis of a conspiracy to defraud Hecker organization retail customers or the bankruptcy estate.  (*See* ¶¶ 16-19 of the Superseding Indictment).  Those paragraphs should be stricken as surplusage because

7

PDF created with pdfFactory trial version www.pdffactory.com

they are not relevant to the purported conspiracy to defraud Hecker organization lenders, they do not in any way involve Mr. Leach, and accordingly, prejudice the defense of his case.

## **CONCLUSION**

Count One of the Superseding Indictment is indeed duplicitous and as such, to proceed without correction by this Court could very well result in a violation of Mr. Leach's constitutional rights as identified in this Memorandum. The surer path to a sound verdict lies in the simple act of either dismissing Count One or of requiring the government to elect which conspiracy it intends to prove in this case of the three alleged within the confines of a single count. Mr. Leach respectfully requests that this Court do that.

Respectfully submitted,

Dated:  June 2, 2010

By:  /Robert D. Sicoli
Robert D. Sicoli
Law Offices of Robert D. Sicoli, Ltd.
Attorneys for Defendant
8000 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, MN 55415
Telephone:  (612) 871-0708
Reg. No. 178238

Sarah M. MacGillis
MacGillis Law, P.A.
Attorneys for Defendant
8000 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, MN 55415
Telephone:  (612) 455-1034
Reg. No. 282017

8

PDF created with pdfFactory trial version www.pdffactory.com