**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Cr. No. 10-32(2) (JNE/SRN)**

UNITED STATES OF AMERICA,　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　)
　　　　　　　　　　　　　　　)　　**MEMORANDUM OF LAW IN**
　　　　　　　　　　　　　　　)　　**SUPPORT OF MOTION TO DISMISS**
　　　　　　　　　　　　　　　)　　**COUNTS 8-15 (THE SUZUKI COUNTS)**
　　　　　　　　　　　　　　　)　　**OF THE SUPERSEDING INDICTMENT.**
　　　　　　　　　vs.　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
STEVEN J. LEACH,　　　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　)

      Defendant, Steven Joseph Leach, by and through his undersigned counsel, Robert D. Sicoli, Law Offices of Robert D. Sicoli, and Sarah M. MacGillis, MacGillis Law P.A., provides the following Memorandum of Law in Support of Motion to Dismiss Counts 8-15, ("The Suzuki Counts), of the Superseding Indictment for failure to allege an essential element, to wit, Steve Leach's involvement in a fraud that is alleged to have occurred months after he unequivocally left his employment with the Hecker Organization.

      For the reasons that follow, the Suzuki Counts should be dismissed.

## BACKGROUND

      Steven Leach is charged in Counts 8-15 of the Superseding Indictment with eight counts of aiding and abetting wire fraud in violation of 18 U.S.C. §§ 1343 and 2.  These counts are the subject matter of this Motion.

PDF created with pdfFactory trial version www.pdffactory.com

The Suzuki counts allege several wire communications on the following dates:

Count 8:       1/29/08

Count 9:       4/8/08

Count 10:      4/11/08

Count 11:      4/17/08

Count 12:      4/29/08

Count 13:      5/23/08

Count 14:      7/03/08

Count 15:      9/23/08

The government knows that Mr. Leach resigned from the Hecker organization in December 2007, a fact which it acknowledges on more than one occasion within the Superseding Indictment it returned against him.  (*See* ¶¶ 3, 34).     Moreover, the government alleges that Mr. Leach resigned his position within the Hecker organization in December of 2007, because he wanted to "distance himself from the fraud" in which he had participat*ed*.  (*See* ¶¶ 3, 10, 16-19, 34). That reality notwithstanding, Counts 8-15 of the Superseding Indictment enigmatically charge criminal conduct which occurred *after* Mr. Leach resigned from the Hecker Organization.  (*See also* ¶¶  47, 59).

What the Government gave Mr. Leach with one hand in Paragraphs 3 and 34 of the Superseding Indictment, it took away with the other in Paragraph 59 and Counts 8-15. Its failure to allege Mr. Leach's involvement in the conduct set forth in Counts 8-15 is fatal to the survival of these counts against him. On this basis and as set forth below, Counts 8-15 must be dismissed for the Government's failure to allege a material element

2

PDF created with pdfFactory trial version www.pdffactory.com

of the offense, to wit, Mr. Leach's involvement in aiding and abetting a fraud that post-dated his involvement with the Hecker organization.

## ARGUMENT

Counts 8-15 must be dismissed for failing to allege an offense committed by Mr. Leach in 2008, the time frame set forth in these counts of the Superseding Indictment.

Federal Rule of Criminal Procedure 12(b)(2) allows for pretrial dismissal of the indictment or a portion thereof for the failure to state an offense. *See, e.g., United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002); *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3rd Cir. 2001); *United States v. Ferro*, 252 F.3d 964 (8th Cir. 2001). It is axiomatic that "if properly challenged prior to trial, an indictment's complete failure to recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment." *United States v. DuBo*, 186 F.3d 1177, 1179 (9th Cir. 1999). By way of illustration, *United States v. San Diego Gas & Electric* is helpful. 2006 W.L. 3913457, *1 (S.D.Cal.)

In *San Diego G & E*, the defendants were charged with conspiring to violate "asbestos work practices," conspiring not to seek EPA approval of their plan to remove regulated asbestos containing material, ("RACM"); failure to properly remove RACM, failure to contain the RACM, and other related offenses. *Id.* at *2. The defendants sought dismissal of the indictment arguing that while the indictment facially alleged improper handling of RACM, it failed to set forth the facts and circumstances establishing that the material in question was actually RACM within the meaning of the regulations. *Id.* at *11-12. The district court agreed and dismissed the indictment

PDF created with pdfFactory trial version www.pdffactory.com

holding that allowing the indictment to stand simply because it declares the material to be RACM without alleging the facts and circumstances supporting its conclusion was fatal to its survival.  *Id.* at *12.

Though *San Diego G.E.* is not a perfect fit, it illustrates the necessity of a recitation of the factual predicate related to proof of each element of the offense to survive a Motion to Dismiss, a uniform standard imposed by law against which the instant indictment fails to measure up.  Like the failure of the *San Diego G.E.* indictment to recite a factual predicate for a finding that the material at issue was actually regulated RACM, here the only criminal conduct set forth in the superseding indictment occurred after Mr. Leach had unequivocally left his employment with the Hecker organization as set forth in other sections of the Superseding Indictment.  (*See* Superseding Indictment, ¶¶ 3, 34).   Thus, Counts 8-15 fail to allege the essential element of Mr. Leach's involvement in the aiding and abetting conduct it encompasses.   This failure does not go to the *quantum* of proof involved, *see United States v. Ferro*, 252 F.3d 964 (8th Cir. 2001), but to its complete absence.  *See Omer*, 395 F.3d at 1088-1089 (complete failure to recite essential element requires dismissal of the indictment).

It is simply not enough to survive a motion to dismiss for the government to mechanically pen the words of the statute as it has done in Paragraph 59 as if it were some kind of magical formula for alleging an offense.  On this subject, for more than a century is has been held that while, "undoubtedly the language of the statute may be used in the general description of an offence, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming

PDF created with pdfFactory trial version www.pdffactory.com

under the general description, with which he is charged." *United States v. Hess*, 124 U.S.

483, 487 (1888).   This represents the minimum requirement.  Here, there is nothing more

than a statutory recitation mechanically delivered.

Now the government may assert that its assertions in paragraphs 43-46 of the

Superseding Indictment related to the 2007 Suzuki Contract save the day, or in this case,

the Superseding Indictment, from a case of being fatally flawed.  The government would

be mistaken.  The conduct alleged in those paragraphs, even if true and even if read with

a generous helping of inference, does not aid and abet the commission of an offense in

2008 related to an entirely different contract.   And without more, Counts 8-15 of the

Superseding Indictment must fail now, at the pretrial stage, not await further explication

by the government.  *See San Diego G.E., supra* at *10 (a defective indictment cannot be

rescued by a bill of particulars or by well-drafted jury instructions)

Its ultimate demise is foretold by the inability of this court to fashion a remedy

which provides a legally cognizable life vest:

> The failure to properly allege the elements of the offense constitutes a fatal
> defect that cannot be cured through jury instructions, because a completely
> missing essential element leaves nothing for the petit jury to ratify.  Failing
> to enforce this requirement would allow a court to guess as to what was in
> the minds of the grand jury at the time they returned the indictment."  *San
> Diego G.E.*, 2006 W.L. 3913457, at *10, citing *DuBo,* 180 F.3d at 1179.

The defendant is left to guess as to what the grand jury in this case could possibly have

been thinking when it returned an indictment against him on Counts 8-15.  These counts

must sink with the weight of their ineptitude.

PDF created with pdfFactory trial version www.pdffactory.com

## <u>CONCLUSION</u>

For the foregoing reasons, Counts 8-15 of Superseding Indictment must be dismissed.


Respectfully submitted,


Dated:  June 2, 2010                       By:  <u>Robert D. Sicoli</u>
                                           Robert D. Sicoli
                                           Law Offices of Robert D. Sicoli, Ltd.
                                           Attorneys for Defendant
                                           8000 Flour Exchange Building
                                           310 Fourth Avenue South
                                           Minneapolis, MN 55415
                                           Telephone:  (612) 871-0708
                                           Reg. No. 178238

                                           Sarah M. MacGillis
                                           MacGillis Law, P.A.
                                           Attorneys for Defendant
                                           8000 Flour Exchange Building
                                           310 Fourth Avenue South
                                           Minneapolis, MN 55415
                                           Telephone:  (612) 455-1034
                                           Reg. No. 282017

PDF created with pdfFactory trial version www.pdffactory.com