**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 10-32(2) (JNE/SRN)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF LAW** |
| | ) | **IN SUPPORT OF MOTION** |
| | ) | **FOR SEVERANCE OF** |
| | ) | **DEFENDANTS.** |
| vs. | ) | |
| | ) | |
| | ) | |
| STEVEN J. LEACH, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Steven Joseph Leach, by and through his undersigned counsel, Robert D. Sicoli, Law Offices of Robert D. Sicoli, and Sarah M. MacGillis, MacGillis Law P.A., provides the following Memorandum of Law in Support of Defendant's Motion for Severance of Defendants.

For the reasons that follow, Defendant Leach should be granted a separate trial where he could present a complete defense free from concerns regarding the adverse publicity surrounding Mr. Hecker's charges, and where the jury could appropriately focus on the issue of Mr. Leach's guilt or innocence of those charges as set forth in the Superseding Indictment.

## I. <u>BACKGROUND</u>

Steve Leach is charged in the Superseding Indictment with one count of conspiracy to commit wire fraud, (Count 1), and 13 counts of aiding and abetting wire

PDF created with pdfFactory trial version www.pdffactory.com

fraud (Counts 2-6, 8-15).  His co-defendant, Dennis Hecker, is charged with the above-enumerated offenses as well as with money laundering, (Count 7), and multiple counts of bankruptcy fraud (Counts 16-25) arising out of his much-publicized 2009 federal bankruptcy petition in which he is alleged to have misrepresented or omitted his ownership or transfer of significant assets.   The list of items attached to these misrepresentation or omissions include large quantities of cash, luxury items, out-of state homes, watches, jewelry.   These items represent, in the words of the government, the outward trappings of Hecker's "extravagant lifestyle," a lifestyle that the Government asserts was funded by his purported illicit acts.  (*See* Superseding Indictment, ¶ 12).

The public's seemingly insatiable appetite for "anything Hecker" has been consistently fed by a large number of newspaper articles that habitually portray Hecker in an unfavorable light.   In the seemingly never ending sea of media coverage about "anything Hecker," the Star Tribune boasts nearly 200 searchable articles and letters about Hecker.  These articles relate the salacious details of his divorce, the purchase of an expensive pooch for his girlfriend amidst a claim of bankruptcy, the mysterious death of his former in-law, his admonishment by a judge for his lies, his purported misbehavior and use of profanity in court, and his hiding of assets from the bankruptcy court. (*See* Ex. 1, list of Star Tribune articles).   This is just to name a few of the subjects that tantalize the public's taste for "anything Hecker."   Even his seemingly contrite demeanor in court proceedings was subsequently deemed less than entirely genuine, "wearing thin" within 24  hours.   (*Compare* <u>Star Tribune</u> 3/30/10, "*Denny Hecker Displays a New Contriteness*," *with* <u>Star Tribune</u> 3/31/10, "*Hecker's New Contrition Wears Thin*.").

PDF created with pdfFactory trial version www.pdffactory.com

The Superseding Indictment mirrors the media's portrayal of Hecker as an individual who was motivated to commit his crimes in order to create, and then maintain an extravagant lifestyle out of reach of the vast majority of potential venirepersons.

Against this tainted background stands the defendant Steve Leach.  Unlike Hecker, the Government does not allege that Leach led an extravagant lifestyle funded by other people's money or that he engaged in anything that resembles the scope and duration of Hecker's alleged fraudulent activities.  Indeed, Hecker is charged in multiple counts of the Superseding Indictment with conduct that even the Government concedes has nothing whatsoever to do with Mr. Leach, to wit, the money laundering and bankruptcy fraud counts.  Instead, the Government sets forth a discrete period of time in late 2007 in which Mr. Leach was alleged to have engaged in purported fraudulent activity at Hecker's behest while simultaneously acknowledging that Leach resigned from the Hecker organization in December 2007.

## II. ARGUMENT

***Severance is appropriate in this case because of the pervasive adverse pretrial publicity against Mr. Leach's co-defendant, in order to permit the jurors to assess the individual culpability of each defendant, and to protect Mr. Leach's right to present a complete defense.***

Steven Leach should have a separate trial on the charges asserted against him in the Superseding Indictment.

This inquiry is governed by Rule 14 of the Federal Rules of Criminal Procedure. That Rule provides, in pertinent part, that "[i]f the joinder of ... defendants in an

PDF created with pdfFactory trial version www.pdffactory.com

indictment ... appears to prejudice a defendant ... the court may ... sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a).

Severance is appropriate in cases where there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or where a joint trial could prevent the jury from making a reliable judgment about the defendant's guilt or innocence.  The Supreme Court addressed the issue of the prejudice potentially created by joint trials in *United States v. Zafiro*, 506 U.S. 534 (1993).   Such a risk might occur when evidence that the jury should not consider against one defendant and that would not be admissible if the defendant were tried alone is admitted against a co-defendant.  *Id.* at 539. There is a heightened risk of prejudice where defendants have substantially different degrees of culpability and are tried together in the complex case.  *Id.*  In a similar vein, courts have recognized that prejudice may result from the jury's inability to compartmentalize evidence given the length and complexity of the trial and the disparity in the quantum of evidence against the defendants, *see, e.g, United States v. Lewis*, 557 F.3d 601, 610 (8th Cir. 2009), or as a result of significant adverse publicity against a co-defendant which prevents the jury from individually assessing guilt or innocence.  *See, e.g., United States v. Hassoun*, 2007 W.L. 1200951, *1 (S.D.Fla.); *United States v. Noriega*, 746 F.Supp. 1548 (S.D.Fla. 1990).

The risks attendant to a joint trial in the instant case is apparent and neither imagination nor creativity is required to anticipate its untoward effects to Mr. Leach's defense at trial.  First, the prolonged and seemingly never-ending adverse publicity against his co-defendant, Hecker, will prevent the jury from assessing Mr. Leach's

PDF created with pdfFactory trial version www.pdffactory.com

culpability for the crimes alleged in the Superseding Indictment.  As previously set forth, the public's interest in Mr. Hecker's court proceedings has been fed to a ravenous populous by a well-stocked media.  It will most certainly grow as the trial date nears with the media dishing out articles which recap Mr. Hecker's path to the steps of the federal courthouse.  It is only natural, and to be expected, that the shadow Mr. Hecker will cast will darken the jury's observations of his co-defendant, Mr. Leach, and improperly invite the jury to convict Mr. Leach by virtue of his association with Mr. Hecker.  After all, they are charged in Count One with conspiring one with the other.  "Guilt by association" is such a pervasive and lingering phrase that it is almost universally understood and acknowledged by nearly anyone on the street to represent a time-tested truth of some kind.  Its first cousin, "we are the company we keep" invites the same familiar inference.  And it is a real concern in this case given the media's interest in "anything Hecker" which has resulted in coverage which has been, regrettably, nearly universally adverse.

Furthermore, there is legitimate worry that the jury will be unable to compartmentalize the evidence and distinguish between those alleged condemned acts of Mr. Hecker from those alleged acts of Mr. Leach and vice versa.  This is so not only because of the adverse publicity, but also because of the reality of a second, far more complex, fact laden, and correspondingly lengthy bankruptcy trial which landed in the middle of the previous discrete fraud trial by virtue of the Superseding Indictment.  *See Lewis*, *supra*, at 610; *United States v. Elder*, 90 F.3d 1110, 1119 (6th Cir. 1996).  It is thus the case that the expected media coverage of Mr. Hecker's  "extravagant lifestyle" will be underscored by the bankruptcy fraud counts which allege, among other things, that he

PDF created with pdfFactory trial version www.pdffactory.com

misrepresented his ownership or transfer of luxury boats, high-end vehicles, motorcycles, jewelry, large quantities of cash, and multiple Rolex watches.  (Superseding Indictment, Counts 16-25).  Of course, Mr. Leach has nothing whatsoever to do with these Counts of the Indictment, but the jury will nevertheless hear a significant amount of testimony and review a significant number of documents that purport to implicate Mr. Leach's codefendant in still more fraudulent activity.   The stain will transfer.   Mountains of evidence regarding Mr. Hecker's purported fraudulent statements in conjunction with his bankruptcy petition will be admitted by virtue of their joint trial when not a word of it would be present if Mr. Leach were tried alone.  Within the meaning of the Court in *Zafiro*, this unusual case and its attendant facts represent a serious risk of prejudice to Mr. Leach.  *See Zafiro*, 506 U.S. at 539 (risk of unacceptable prejudice when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant).

Moreover, this is expected to be a lengthy, complicated trial lasting some six or more weeks and involving complex financial transactions, bankruptcy schedules, concepts such as risk and repurchase vehicles, floor plans, etc..  The evidence against Mr. Hecker, simply by virtue of the number of counts against him and the nature of the crime alleged therein dwarfs the case against Mr. Leach.  In just such circumstances, the Court has recognized there is a heightened risk of prejudice to the defendant seeking severance. *See Lewis*, 557 F.3d at 610; *Zefiro*, 506 U.S. at 539.

Finally, the Constitution provides Mr. Leach with the right to call witnesses on his behalf by virtue of the Sixth Amendment.  This is a right underscored by the Supreme

PDF created with pdfFactory trial version www.pdffactory.com

Court's opinion in *Zafiro*.  However, a joint trial in this case will prevent Mr. Leach from calling Mr. Hecker as a witness on Mr. Leach's behalf.  Mr. Leach reasonably believes that Mr. Hecker could provide testimony in defense of Mr. Leach if given the opportunity to do so.  Mr. Leach's ability to present a complete defense on his own behalf could be effectuated by this court granting separate trials in this case, particularly if Mr. Hecker's case, certainly the far more complex and lengthy of the two, were tried first.

This case represents a departure from the usual federal case involving multiple defendants charged in the same indictment where issues of prejudice by virtue of joint trials is marginally present.  The reality is that Mr. Leach will be prejudiced in nearly every single way implicated by prior decisions of the federal courts by virtue of having to try a relatively discrete case amidst a purported fraud spanning multiple years, many after Mr. Leach undeniably severed any ties to the Hecker organization, said to involve multiple individuals, and conduct about which Mr. Leach is neither implicated nor has any personal knowledge.  Severance is appropriate.

### III.   <u>CONCLUSION</u>

The unusual nature of this case counsels that separate trials is warranted to protect the integrity of the process, to protect Mr. Leach's constitutional rights and to effectuate their just exercise, and to ensure the jury's verdict is based on evidence offered as to each

PDF created with pdfFactory trial version www.pdffactory.com

defendant individually on each count of the Indictment.  For the foregoing reasons, Mr.

Leach respectfully moves this Court for an Order granting severance of the defendants

for trial.

Respectfully submitted,

Dated:  June 2, 2010                     By:  /s/ Robert D. Sicoli
                                         Robert D. Sicoli
                                         Law Offices of Robert D. Sicoli, Ltd.
                                         Attorneys for Defendant
                                         8000 Flour Exchange Building
                                         310 Fourth Avenue South
                                         Minneapolis, MN 55415
                                         Telephone:  (612) 871-0708
                                         Reg. No. 178238

                                         Sarah M. MacGillis
                                         MacGillis Law, P.A.
                                         Attorneys for Defendant
                                         8000 Flour Exchange Building
                                         310 Fourth Avenue South
                                         Minneapolis, MN 55415
                                         Telephone:  (612) 455-1034
                                         Reg. No. 282017

PDF created with pdfFactory trial version www.pdffactory.com