UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No.10-32(2)(JNE/SRN)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF LAW** |
| Plaintiff, ) | **IN SUPPORT OF MOTION** |
| v. ) | **FOR EARLY DISCLOSURE** |
| ) | **OF JENCKS MATERIAL** |
| STEVEN J. LEACH, ) | |
| ) | |
| Defendant. ) | |

Particularly in lengthy and complex litigation where significant Jencks Act material may be involved, it is appropriate for the Court to order disclosure prior to trial. United States v. Winchester, 407 F.Supp. 261, 279 (D.Del. 1975); United States v. Goldberg, 336 F.Supp. 1 (E.D.Pa.). Cf., United States v. Achtenberg, 459 F.2d 91, 96 (8th Cir. 1972). As noted in United States v. Percevault, 490 F.2d 126, 132 (2d Cir. 1974), the early disclosure of Jencks material not only serves the interest of the defendant but also helps to protect the government from post-conviction claims of unfair surprise or the suppression of exculpatory evidence.

Given the amount of time the government has had to prepare its case, it may be expected to know which witnesses it intends to call at least 14 days prior to trial. The production of Jencks Act material should be ordered disclosed 14 days prior to trial so that counsel may digest same and prepare properly for trial rather than being inundated by massive disclosures shortly before trial.

PDF created with pdfFactory trial version www.pdffactory.com

It is dangerous to exaggerate the restrictions of §3500 "in disregard of the congressional aim of reaffirming the basic Jencks principle of assuring the defendant a fair opportunity to make his defense". Palermo v. United States, 360 U.S. 343, 365 (1959) (Brennan, J., concurring). After all, the Jencks Act was intended to guard against an inappropriate disclosure of "irrelevant and incompetent matter". Jencks Act Senate Report, No. 981, 85th Cong., 1st Sess. (1862) (quoted in United States v. Gallo, 654 F.Supp. 463, 474 (E.D.N.Y. 1987) The Act does not apply to Brady material, nor to statements of the defendant, nor to statements of co-conspirators. Id., at 475. See, also, United States v. Konefal, 566 F.Supp. 698, 707 (N.D.N.Y. 1983); United States v. Turkish, 458 F.Supp. 874, 882 (S.D.N.Y. 1978), aff'd 623 F.2d 769 (2d Cir. 1980) (government ordered to disclose all statements made during the course of an in furtherance of conspiracy for all co-conspirators whom the government does not intend to call as a trial witness).

In a letter to defense counsel dated February 25, 2010, the government agrees to provide Jencks Act to defense counsel no later than two weeks prior to trial. For the reasons cited above, as well as the government's agreement to disclose Jencks Act material two weeks prior to trial, the defendant respectfully requests the Court to Order the government to disclose to defense counsel all Jencks Act materials 14 days prior to trial.

PDF created with pdfFactory trial version www.pdffactory.com

Dated: June 2, 2010                             Respectfully submitted

                                                 By: /s/ Robert D. Sicoli
Robert D. Sicoli
Law Offices of Robert D. Sicoli, Ltd.
Attorneys for Defendant
8000 Flour Exchange Bldg.
310 Fourth Avenue South
Minneapolis, MN 55415
Telephone:  (612) 871-0708
Reg. No.178238

Sarah M. MacGillis
MacGillis Law, P.A.
Attorneys for Defendant
8000 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, MN 55415
Telephone:  (612) 455-1034
Reg. No. 282017

–3–

PDF created with pdfFactory trial version www.pdffactory.com