```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
             Criminal No.  10-32(2) JNE/SRN
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **UNITED STATES'** |
| v. ) | **MEMORANDUM IN SUPPORT** |
| ) | **OF MOTION TO RESTRAIN** |
| STEVEN JOSEPH LEACH, ) | **DEFENDANT LEACH'S** |
| ) | **DISSIPATION OF ASSETS** |
| Defendant. ) | |

The United States of America, by and through its attorneys B. Todd Jones, United States Attorney for the District of Minnesota, and Assistant U.S. Attorneys Nicole A. Engisch, Nancy E. Brasel, and David M. Genrich, hereby submits this memorandum in support of its motion to restrain Defendant Leach's dissipation of assets.

### INTRODUCTION

The government moves this Court, pursuant to the All Writ's Act, 28 U.S.C. § 1651, for an order restraining defendant, Steven Joseph Leach, and his representatives, attorneys, agents, family members, and assigns from transferring, selling, encumbering, spending or attempting or completing any action that would affect or diminish the marketability or value of the property of or under the control of the defendant.  Such property includes but is not limited to 1) all funds held in U.S. Bank account no. XXXX-0333, in the name of Steven Leach, revocable trust, 2) all funds held in U.S. Bank account no. XXXX-5260, in the name of Steven Leach and his spouse, 3) Defendant Leach's home located at 1500 Summit Oaks

Court, Burnsville, Minnesota, and 4) Defendant Leach's second home located at 9225 N. 119th Way, Scottsdale, Arizona.  The government specifically requests authorization to record a notice of *lis pendens* on the real properties owned or controlled by the defendant, or file any other documents to ensure the properties are preserved for restitution.  The government seeks the restraint of assets of the defendant so that they are available for restitution pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.[1]

## STATEMENT OF FACTS

On October 1, 2010, Defendant Leach pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 371.  Conspiracy and wire fraud are among those offenses for which restitution is mandatory under the MVRA.  See 18 U.S.C. § 3663A(c).  The government believes that the loss amount for which Defendant Leach will be accountable is in excess of $15 million, and at sentencing, the government will seek a restitution order for all losses reasonably foreseeable to Defendant Leach.

The government's information indicates that the defendant owns a residence at 1500 Summit Oaks Court, in Burnsville, Minnesota, valued at approximately $592,000. The government's information further indicates that the defendant owns a second property at 9225

---

[1] As provided in paragraph 9 of the plea agreement, the government reserves its right to pursue forfeiture of any of the defendant's real or personal property, which includes the assets described herein.

N. 119th Way, in Scottsdale, Arizona, valued at approximately $431,300. Both homes have significant equity which the government seeks to ensure is available to pay restitution. The government has also learned that Defendant Leach has or until very recently has had over $1.3 million in a bank account at U.S. Bank, account no. XXXX-0333, in the name of Steven Leach, revocable trust, and has had approximately $81,000 in a bank account at U.S. Bank, account no. XXXX-5260, in the name of Steven Leach and his spouse. In addition, the defendant is believed to own a number of investment, retirement or other accounts with significant assets.

## ARGUMENT

Under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.*, through which the government enforces orders of restitution as well as other debts owed the United States, the Court is authorized to use the All Writs Act, 28 U.S.C. § 1651, to support any of the remedies set forth in the FDCPA. See 28 U.S.C. § 3202(a). Indeed, the All Writs Act has been successfully used in a variety of circumstances to restrain a defendant from dissipating assets, including, as here, after conviction but before sentencing. For example, in United States v. Numisgroup Intl. Corp., 169 F.Supp.2d 133, 138 (E.D.N.Y. 2001), the government moved under the All Writs Act to restrain 26,600 coins, seized via search warrant, as collateral in anticipation of a restitution order to be imposed at sentencing. In finding authority under the Act to restrain assets where "sentencing and a

substantial Order of Restitution is imminent" and defendant has few other assets, the court noted that the All Writs Act grants courts the power to enjoin and bind parties and non-parties when such action is necessary "to preserve the Court's ability to reach or enforce its decision in a case over which it has proper jurisdiction." Id. (citing United States v. Ross, 1993 WL 427415 (S.D.N.Y. 1993)). Post-conviction, defendants "no longer are bathed with the presumption of innocence," and the court has the power to restrain assets between the time of conviction and the time of sentencing so that assets are available to comply with the anticipated restitution order. Id.; see United States v. Gates, 777 F.Supp. 1294, 1296 n.7 (E.D.Va. 1991) (noting that trial court has authority to order a defendant awaiting sentencing not to dispose of his assets to ensure meaningful ability to impose a proper sentence and "to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation."); see also United States v. Abdelhadi, 327 F.Supp. 2d 587 (E.D. Va. 2004) (authorizing under All Writs Act restraining order against defendant and others acting in concert with him from transferring, selling or disposing of defendant's property and allowing government to file notice of *lis pendens* where such order necessary to protect and effectuate sentencing and restitution orders and to ensure future availability of property to satisfy the restitution order).

Once the defendant is sentenced, various remedies are

available to the government under the MVRA and the FDCPA to enforce collection of the defendant's restitution obligations. However, none of the available remedies can be instantly implemented and none prevents the defendant, while awaiting sentencing, from dissipating his assets or otherwise secreting, wasting or placing them beyond the reach of his victims or the government. In short, no other remedy, other than the restraining order sought by this motion, reasonably ensures the effectiveness of the Court's restitution order. Only the restraining order can serve this function and, accordingly, the United States requests an order restraining sale or dissipation of assets, including defendant's residences and bank accounts, so that those assets are available for payment of restitution.

Dated: November 3, 2010          Respectfully submitted,

                                 B. TODD JONES
                                 United States Attorney

                                 */s/ Nicole A. Engisch*

                                 BY: NICOLE A. ENGISCH
                                     NANCY E. BRASEL
                                     DAVID M. GENRICH
                                 Assistant United States Attorneys